**Jessie CROWLEY, Plaintiff and Appellee, v. FIRST NATIONAL LIFE, HEALTH & ACCIDENT INS. CO., Defendant and Appellant.**

**No. 14448.**

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1933.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant.

Wm. A. Green, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit under an industrial life insurance policy. The accident is admitted, as is, also, the fact that plaintiff was for a time disabled. Defendant contends that full settlement has been made and that during the time for which claim is now presented the petitioner was entirely well and could have returned to work had he been willing to do so.

The injury was to the testicles, and all of the physicians, two who felt that recovery was complete and one who testified to the contrary, stated that usually, and unless there are complications, such an injury as plaintiff sustained should cause disability for not more than two or three months. They all agreed that there had been no complications, and yet it is contended that recovery was not complete at the end of fifteen weeks and that compensation should be paid for five additional weeks.

Those physicians who stated that recovery was complete at the end of fifteen weeks were positive in their views and, apparently, well recollected the details of the injury and of the progress of recovery; whereas, the other physician based his opinion almost entirely on the fact that plaintiff continued to complain. Furthermore, the physician last referred to had a very slight independent recollection of the matter, and his opinion that plaintiff had not entirely recovered largely resulted from the fact that, after the date of the alleged recovery, he (the physician) continued to prescribe for the supposed sufferer.

We are convinced that plaintiff had recovered at the time defendant refused to make further payments to him and that the judgment, which is in favor of plaintiff, is erroneous.

The judgment appealed from is annulled, avoided, and reversed, and there is now judgment in favor of defendant and against the plaintiff, dismissing plaintiff's suit at his cost.

Reversed.